**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Christopher Jones,**
**Petitioner below, Petitioner**

**v.) No. 24-561** (Roane County CC-44-2023-P-33)

**The Honorable Steve Jones,**
**Roane County Family Court Judge, and**
**John and Tammy Snodgrass,**
**Respondents below, Respondents**

## MEMORANDUM DECISION

Petitioner Christopher Jones[1] appeals the Circuit Court of Roane County's August 1, 2024, order denying his motion for relief from a prior order denying him a writ of prohibition. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On August 4, 2023, the petitioner filed a "Petition for Writ of Prohibition and Stay" in circuit court, seeking relief from an order entered by the Family Court of Roane County in an underlying guardianship proceeding. In an order entered on January 12, 2024, the circuit court denied the petitioner's requested relief, finding—among other things—that the petitioner "failed to state a ground on which a writ should issue" and that the family court's rulings did not constitute "clear error as a matter of law." The petitioner did not appeal this order. However, on June 18, 2024, the petitioner moved the circuit court—apparently pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure—"to reconsider its January 12, 2024, [o]rder."[2] The circuit court denied the petitioner's motion by order dated August 1, 2024, noting that it would "stand on its previous ruling[]." The petitioner now appeals the circuit court's decision to this Court.

---

[1] The petitioner appears by counsel Claude S. Smith III. The respondents, John and Tammy Snodgrass, appear by counsel Brendan Doneghy.

[2] The petitioner did not include a copy of his motion in the appendix record, only the circuit court's "Order Denying Petitioner's Rule 60(b) Motion." We note that a motion for reconsideration "is not recognized under our Rules of Civil Procedure." Syl. Pt. 2, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015); *see also* Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996) (explaining that if a motion for reconsideration does not specify the West Virginia Rule of Civil Procedure upon which it relies, it must be addressed under Rule 60(b) if it was filed outside the time limit set by Rule 59(e)).

We review a circuit court's denial of a Rule 60(b) motion for abuse of discretion. Syl. Pt. 2, *Yurish v. Sinclair Broad. Grp., Inc.*, 246 W. Va. 91, 866 S.E.2d 156 (2021) (noting that a circuit court's ruling on a Rule 60(b) motion "will not be disturbed on appeal unless there is a showing of an abuse of discretion"). Moreover, "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review *only* the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974) (emphasis added); *see also Builders' Serv. & Supply Co. v. Dempsey*, 224 W. Va. 80, 85, 680 S.E.2d 95, 100 (2009) ("Rule 60(b) provides a remedy which exists concurrently with and independently of the remedy of appeal."). In his sole assignment of error, the petitioner asserts that the circuit court erred by refusing to grant him a writ of prohibition. However, we will not review the substance underlying the circuit court's denial of the petition for the writ, as the petitioner did *not* appeal this order. Our review is limited to the circuit court's order denying the petitioner's Rule 60(b) motion. And, critical to the outcome of this appeal, the petitioner does not assert before this Court that the circuit court abused its discretion or that he was entitled to relief on any ground enumerated in Rule 60(b). *See Builders' Serv. & Supply Co.*, 224 W. Va. at 85, 680 S.E.2d at 100 ("A . . . court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it."). Because the petitioner fails to establish any error related to the order on appeal, we must affirm. *See* Syl. Pt. 2, in part, *State v. J.S.*, 233 W. Va. 198, 757 S.E.2d 622 (2014) (quoting Syl., in part, *State ex rel. Smith v. Boles*, 150 W. Va. 1, 146 S.E.2d 585 (1965)) (explaining that "[t]here is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively").

For the foregoing reasons, we affirm the circuit court's August 1, 2024, order denying the petitioner's Rule 60(b) motion.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan